## SEAVEY v DADE COUNTY, et al.
### Case No. 90-034-AP
Eleventh Judicial Circuit, Dade County

February 1, 1991

### APPEARANCES OF COUNSEL

**John G. Fletcher, Esquire,** for appellants.

**Robert A. Ginsburg,** Dade County Attorney and **Joni Armstrong Coffey,** Assistant County Attorney, for appellee, Dade County.

**Kevin D. Orr, Esquire** and **Silvia B. Pinera-Vazquez, Esquire,** Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A., for appellee, South Florida Growers Association, Inc.

Before HENDERSON, ROBINSON, KAHN, JJ.

### OPINION OF THE COURT

PER CURIAM

We reverse Dade County's Zoning Resolution Z-269-89 permitting undersized lots for residential use on property zoned AU (agricultural).

1

The nine acre tract in question is restricted by the County's land use plan to no more than one residential unit per five acres unless ". . . the immediate area surrounding the subject parcel on three or more sides is predominately parcelized in a similar manner, and if a division of the subject parcel would not precipitate additional land division in the area."

Although Section 163.3194 (Fla. Statutes 1987) does not authorize the County to ignore the provisions of its own comprehensive plan, the County interpreted the words "immediate area surrounding the subject parcel" to mean "all lots within one quarter mile of the parcel". Had that been the intent of the drafters, we assume the plan provisions would have included those words.

Further, the County's tortuous interpretation would make it virtually impossible to avoid precipitating ". . . additional land division in the area."

The immediate (abutting) property surrounding the parcel on three or more sides is not in fact predominately parcelized in a manner similar to that sought here, and the resolution was therefore improperly adopted. See *Machado v Musgrove,* 519 So.2d 629 (Fla. 3d DCA 1988).

We note and reject the County's position that the Appellants do not have standing to prosecute this appeal.